(No. 11397.—Decree affirmed.)

GEORGE MILTENBERGER, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed June 21, 1917—Rehearing denied October 5, 1917.*

1. REGISTRATION OF TITLE—*proceedings by which recorder of Cook county has authority to make abstracts need not be proved.* The proceedings by which the recorder of deeds of Cook county has authority to make abstracts for the public for hire need not be proved in order to admit in evidence an abstract of title made by such recorder, nor is it necessary to show that the bond required by statute has been filed.

2. SAME—*parties cannot recover costs paid for filing unnecessary appearances.* Parties who have unnecessarily filed separate appearances answering an application to register title but make no attempt whatever on the hearing to show that they have or claim any title or interest in the property or are entitled to any relief, by way of reimbursement or otherwise, cannot recover costs voluntarily paid merely for the privilege of appearing and filing answers.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

ENOCH J. PRICE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, George Miltenberger, filed his application in the circuit court of Cook county to register his title in fee simple to the east fifty feet of lots 1 and 2, in block 2, in Smith's addition to Normalville, alleging that the real estate was vacant and unoccupied, and that the appellants, Jacob Glos, Emma J. Glos and August A. Timke, claimed some interest in the premises under tax deeds. The appellants filed separate appearances and separate answers to the application, each answer being in the same words, and stating that they had an estate, interest or claim in the real estate and denying the invalidity of the same. The issue was referred to an examiner of titles, who made a report in favor of the appellee, finding that he was the owner in fee simple of the premises and that Emma J. Glos had an invalid tax deed and was entitled to be reimbursed for the amount paid at the tax sale, with subsequent taxes and cost of obtaining and recording the deed. The court overruled exceptions to the report, awarded to Emma J. Glos $68.15 on account of her tax deed and $5 costs in the suit, which sums were paid in open court to the clerk, and a decree was entered directing title in fee simple in the appellee to be registered. The appellants severally prayed and were allowed separate appeals, and separate appeal bonds were filed.

Each of the appellants assigned separately twenty-seven errors, only three of which are referred to in any way in the brief and argument. One alleged error is, that the court admitted in evidence an abstract of title made by the recorder of deeds of Cook county upon evidence that the recorder was engaged in the business of making abstracts

for the public for hire. The objection is that there was no proof that the recorder had filed a bond in the sum of $10,000, as required by the statute. The county board could authorize the recorder to make abstracts for the public for hire and he was engaged in that business. It was not necessary to prove the proceedings by which the authority was given or that a bond had been filed.

It was next contended that there was no evidence showing the location and condition of the property. There was a witness who testified that it was vacant and unoccupied on July 6, 1916, the date of the filing of the application, and that it had been vacant for eight years. There was no evidence to the contrary. The property was identified, and the argument is based merely on an error of the witness in naming a street.

Emma J. Glos makes no complaint that the amounts awarded to her for reimbursement and costs were not sufficient, but it is claimed that the court erred in not requiring the appellee to refund to Jacob Glos and August A. Timke their costs. Upon filing separate appearances Jacob Glos and August A. Timke each paid to the clerk five dollars, but neither of them made any attempt whatever on the hearing to show that he had or claimed any title or interest in the property or had any tax deed or was entitled to any relief, by way of reimbursement or otherwise. Their answers were mere shams, which could have had no other purpose than to mislead, and there was no occasion for either of them to appear or file any answer or pay any costs. Each one paid five dollars for the privilege of appearing and filing an answer. They were not entitled to recover costs voluntarily paid, unnecessarily and for no legitimate purpose.

The decree is affirmed.                    *Decree affirmed.*